IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br>    *Plaintiff*, <br> v. <br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, D.C. 20530, <br>    *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4.  Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington D.C. 20530. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.  On January 29, 2025, Plaintiff sent a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking access to the following records:

> 1. All FBI investigative reports, witness interview summaries, memoranda, and other records related to the investigation of Hunter Biden's laptop.
>
> 2. All emails, text messages, Lync messages and other electronic communications records related to the Hunter Biden laptop.

The time frame of the request was identified as "January 2019 to the present."

6.  The FBI categorically denied Plaintiff's request, which had been assigned tracking number 1658506-000, on March 18, 2025, citing FOIA Exemptions (b)(6) and (b)(7)(C).

7.  On March 19, 2025, Plaintiff administratively appealed the FBI's denial to Defendant's Office of Information Policy ("OIP").

8.  On September 11, 2025, OIP informed Plaintiff that, upon consideration of the appeal, which had been assigned tracking number A-2025-01104, it had remanded the request to the FBI "for further processing."

9.  Plaintiff has received no further communication from the FBI or OIP about the request since September 11, 2025.

10. As of the date of this Complaint, the FBI has failed (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is in violation of FOIA.

13. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

14. Plaintiff has exhausted all administrative remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of all responsive records; (2) order Defendant to produce, by a date certain, any and all non- exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  December 5, 2025                              Respectfully submitted,

                                                     /s/ Paul J. Orfanedes
                                                     Paul J. Orfanedes
                                                     D.C. Bar No. 429716
                                                     JUDICIAL WATCH, INC.
                                                     425 Third Street SW, Suite 800
                                                     Washington, DC 20024
                                                     Tel:    (202) 646-5175
                                                     Email:  porfanedes@judicialwatch.org

                                                     *Counsel for Plaintiff*